HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TEN TALENTS INVESTMENT 1, LLC, et al,

                       Plaintiff,

       v.

OHIO SECURITY INSURANCE COMPANY,

                       Defendant.

CASE NO. C12-5849RBL

ORDER

THIS MATTER is before the Court on Plaintiffs' Motion to Compel Production of Documents [Dkt. #16]. The Court has reviewed the materials filed in support and in opposition to said motion. Oral argument is unnecessary.

This motion squarely implicates the "advice of counsel" defense. Ohio Security Insurance Company is relying on this defense as an affirmative defense in the litigation. Because Ohio Security Insurance Company stands on that defense, plaintiffs' motion is **GRANTED**.

In the insurance context, the question of whether a communication falls within the attorney-client privilege can often be a difficult one because of the investigatory nature of the insurance business. The line between what constitutes claim handling and the rendition of legal

1   advice is often more cloudy than crystalline.  *HSS Enter., LLC v. AMCO Ins. Co.*, No. C06-1485-

2   JPD, 2008 U.S. Dist. LEXIS 11841, *9, 2008 WL 163669 (W.D. Wash. Jan. 14, 2008).

3   "Accordingly, to the extent that an attorney acts as a claims adjuster, claims process supervisor,

4   or claims investigation monitor, and not as a legal advisor, the attorney-client privilege does not

5   apply." *Id*. at *10.  "The public policy reason behind this condition is that insurance companies

6   should not be permitted to insulate the factual findings of a claims investigation by the

7   involvement of an attorney to perform, or help perform, such work." *Id*. at *10-11.  In bad faith

8   actions brought by an insured against an insurer under the terms of an insurance contract,

9   communications between insurer and its attorney are not privileged with respect to the insured.

10  *Barry v. USAA*, 98 Wash. App. 199, 204 (1999).  The time-worn claims of work product and

11  attorney-client privilege cannot be invoked to the insurance company's benefit where the only

12  issue in the case is whether the company breached its duty of good faith in processing the

13  insured's claim.  *Id*.  The mental impressions of the insurance company's attorney may be

14  relevant to the disputed issues in a bad faith claim, and not protected by the work product rule.

15        With regard to the attorney-client privilege, the communications described in the motion

16  are related to the formulation of the company's coverage position and its communication with its

17  insured.  While the in-house counsel was acting in the role of a claims adjuster or supervisor, the

18  attorney-client privilege will be waived.

19        Pursuant to FRCP 37, when a motion to compel is granted, the Court shall, after affording

20  an opportunity to be heard, require the party whose conduct necessitated the motion, or the

21  party's attorney, or both, to pay the moving party the reasonable expenses incurred in bringing

22  the motion, unless the court finds that the opposition to the motion was substantially justified, or

23  other circumstances making an award of expenses unjust.  FRCP 37(a)(5)(A).  Plaintiff shall file

24

1   a declaration of fees and costs for the Court's consideration by April 29, 2013.  Defendants may

2   file objections and/or show cause why an award of expenses would be unjust by May 13, 2013.

3        Plaintiffs' Motion to Compel [Dkt. #16] is **GRANTED**.

4        Dated this 15th day of April, 2013.

5

6                         _____

7                         RONALD B. LEIGHTON
                      UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24