1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TEN TALENTS INVESTMENT 1 LLC,

                Plaintiff,

    v.

OHIO SECURITY INSURANCE
COMPANY,

                Defendant.

CASE NO. C12-5849 RBL

ORDER DENYING MOTION FOR
RECONSIDERATION

[DKT. # 24]

THIS MATTER is before the Court on Ohio Security's Motion for Reconsideration [Dkt. #24] of the Court's Order [Dtk. #22] Granting Plaintiff Ten Talents' Motion to Compel [Dkt. #14] production of documents withheld from Ohio's claims file under the attorney-client privilege.

The Motion for Reconsideration is based on two[1] primary arguments:

---

[1] Ohio also argues that this Court's initial decision to grant the Motion to compel was erroneous because it was based in part on *Barry v USAA*, 98 Wash. App. 199 (1999), which is a UIM case. Ohio is correct that under *Cedell's* new standard, the privilege waiver analysis is different in the UIM context. But the privilege is *more durable* in UIM cases than it is in first party claims, like this one.

1       1.      The Court erroneously believed that Ohio was asserting an "advice of counsel"

2    defense to Ten Talents' bad faith claims; and

3       2.      Under *Cedell v Farmers*, 295 P.3d 239 (Wash. 2013), the presumption that there

4    is no attorney-client privilege in first party bad faith litigation can be overcome by a showing that

5    the attorney was not engaged in the claim investigation, but was instead providing only a legal

6    opinion about whether coverage exists under the law.  This determination is made by the Court

7    following an *in camera* review of the disputed documents.

8        The Court has conducted an *in camera* review and is satisfied that Mr. McAllister did not

9    participate in the investigation and instead provided advice only on the subject of whether

10   coverage existed on a given set of facts.

11        The Court has now received Ten Talents' Response to the Motion. Ten Talents argues

12   that the *Cedell* inquiry is not yet complete: it claims that if and to the extent McAllister engaged

13   in quasi-fiduciary functions the privilege is waived.  It claims that by participating in

14   correspondence with the insured's attorney and Ohio's claims adjustor regarding the efficient

15   proximate cause of the loss, McAllister did engage in such functions, and argues that the

16   privilege is waived.  Ten Talents also argues that while Ohio's defense is not denominated

17   "advice of counsel," Ohio nevertheless claims that its conduct was reasonable.  Ten Talents

18   argues that that assertion puts the advice of Ohio's counsel in play.

19        Ten Talents claims (and has demonstrated) that McAllister played some role in Ohio's

20   failure to respond to or explain the inapplicability of Ten Talents' efficient proximate cause

21   theory.  It claims further that the privilege is waived in any event, under the last step of the

22   *Cedell* analysis: it asks the Court to find that there is a foundation to permit a claim of bad faith

23   to proceed.

24

1    Ten Talents claims that it has made a showing sufficient to permit its bad faith claim to

2   proceed. It claims that (with McAllister's blessing) Ohio denied Ten Talents' claim without

3   doing a reasonable investigation, and it failed to respond to its insured's lawyer's letter making a

4   claim under the efficient proximate cause rule.  Ten Talents demonstrates that its letter was sent

5   to McAllister and that he was asked to approve Ms. Labrot's response to it—the response that

6   did not address the efficient proximate cause rule.

7    Ohio argues that its attorney did far less in the way of investigation than did the attorney

8   at issue in *Cedell*.  It argues that there is nothing in the record to suggest that Ohio's attorney

9   provided any assistance in this claim other than legal opinions regarding the existence of

10   coverage.

11    The Court will not reconsider its Order granting the Motion to compel.  First, Ten Talents

12   is correct that it has made the requisite showing that here is a foundation for a bad faith claim to

13   proceed by showing the series of letters involving the efficient proximate cause claim and

14   response.  Second, while Ohio's defense does not expressly rely on "advice of counsel," Ohio's

15   claim that its conduct was reasonable necessarily implicates that advice.   It does not appear to

16   this Court that the new *Cedell* standard is a particularly difficult one for an insured to meet.

17    The Court will not award fees against Ohio for forcing a Motion to Compel in the face of

18   these new standards.  Its position was substantially justified.

19    //

20    //

21    //

22    //

23    //

24

1      The Motion for Reconsideration is DENIED, and the Request for attorneys' fees is

2 DENIED.

3      IT IS SO ORDERED.

4      Dated this 21st day of June, 2013.

5

6                                                                   

7                               RONALD B. LEIGHTON
                              UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24